■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO COLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Brennan, J.), rendered January 23, 1985, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In direct contradiction to his representations in support of his motion to withdraw his guilty plea, the defendant, a second felony offender whose prior felony conviction had been entered upon a guilty plea, acknowledged to the court during the plea allocution that he wanted to plead guilty and that no one was forcing him to plead guilty. In addition, the defendant made a factual admission of guilt as to the reduced charge of attempted burglary in the third degree, without apparent hesitation and without any accompanying protestations of innocence. Both the defendant and his codefendant admitted an intent to steal property from the complainant's premises and the defendant told the court that "[w]e broke the door" to enter the premises. Under the circumstances of this case, the sentencing court did not abuse its discretion in denying, without an evidentiary hearing, the defendant's motion to withdraw his guilty plea. The defendant's contentions were fully set out in his *pro se* motion papers. During the limited interrogation by the sentencing court, the defendant incredibly denied having responded to any questions addressed to him at the time he and his codefendant pleaded guilty. However, the plea minutes provided an unequivocal basis for the rejection of the defendant's contentions *(see, People v Tinsley,* 35 NY2d 926; *People v Freeman,* 96 AD2d 867). Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.