■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. DOHERTY, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Cacciabaudo, J.), both rendered March 19, 1984, convicting him of attempted robbery in the third degree under indictment No. 2780/83, and driving while intoxicated as a felony, under indictment No. 2450/83, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The sentencing court did not abuse its discretion in denying, without a hearing, the defendant's *pro se* motion to vacate his guilty pleas on the ground that he was innocent, that his

pleas were the product of coercion and intimidation and that he was denied the effective assistance of counsel *(People v Frederick,* 45 NY2d 520; *People v Irizzary,* 125 AD2d 589, *lv denied* 69 NY2d 829). The record indicates that the defendant knowingly, voluntarily and intelligently waived his rights in pleading guilty *(see, People v Harris,* 61 NY2d 9; *People v Bass,* 125 AD2d 480) and that he readily and without hesitation made a full factual allocution admitting his guilt of the crimes *(People v Soto,* 129 AD2d 748, *lv denied* 70 NY2d 657; *People v Kafka,* 128 AD2d 895, *lv denied* 69 NY2d 951; *People v Colon,* 125 AD2d 484). Moreover, under the circumstances, where the record indicates no basis for allowing withdrawal of the pleas or directing a hearing on the issue *(see, People v Tinsley,* 35 NY2d 926; *People v Stubbs,* 110 AD2d 725), counsel's failure to join in the *pro se* motion was neither ineffective assistance of counsel nor, in the absence of a request by the defendant, a basis for an order relieving counsel and assigning new counsel. Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.