■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW D. WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered July 5, 1984, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that he should have been permitted to withdraw his plea on the ground that the prosecution withheld exculpatory evidence in violation of *Brady v Maryland* (373 US 83). Having failed to move to withdraw his plea on that basis, the defendant waived his right to review thereof *(see,* CPL 470.05 [2]; *People v Pellegrino,* 60 NY2d 636). In any event, the defendant unequivocally admitted his participation in the crimes charged and provided a full factual recitation thereof. In his withdrawal motion, he made a generalized assertion of innocence and claimed he was not fully advised of the rights he was waiving by pleading guilty. The defendant's belated, unsubstantiated claim of innocence, which directly contradicts his plea allocution, did not entitle him to withdraw his plea *(see, People v Dixon,* 29 NY2d 55, 57; *People v Tuttle,* 141 AD2d 584; *People v Matta,* 103 AD2d 756). Moreover, the record establishes that the defendant, while represented by counsel, knowingly, voluntarily and intelligently waived his rights and pleaded guilty *(People v Harris,* 61 NY2d 9). Under the circumstances, the denial of the defendant's motion to withdraw his guilty plea was not an improvident exercise of discretion. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.