■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS STEPHENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered March 30, 1990, convicting him of burglary in the second degree and attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the appeal is dismissed.

As part of his plea bargain, the defendant knowingly and voluntarily waived his right to appeal his conviction and also withdrew any and all motions, whether pending or decided. Accordingly, the appeal is dismissed *(see, People v Seaberg,* 74 NY2d 1; *People v Middleton,* 163 AD2d 615; *People v Barnwell,* 161 AD2d 771).

In any event, contrary to the defendant's argument, the court did not err in denying his *pro se* motion to withdraw his guilty plea. The court had the benefit of the defendant's motion papers, and the record indicates that the defendant was afforded a more than ample opportunity to substantiate his assertions prior to sentencing *(see, People v Rodriguez,* 150 AD2d 812; *People v Brown,* 142 AD2d 683). Neither the defendant's bare assertions of innocence nor his meritless claim of ineffective assistance of counsel was sufficient to justify setting aside the guilty plea. Moreover, the record also shows that the defendant knowingly and voluntarily made a complete and detailed plea allocution in the presence of competent counsel—with whom the defendant had expressed satisfaction at the time of the plea—after the court had fully apprised the defendant of the consequences of his plea *(see, People v Harris,* 61 NY2d 9). Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.