■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH EVANS, Appellant. [614 NYS2d 151] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered February 18, 1993, convicting her of attempted manslaughter in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision as to whether to permit a defendant to withdraw a guilty plea prior to sentencing rests within the sound discretion of the court *(see, People v Dickerson,* 163 AD2d 610; CPL 220.60 [3]). We find that the court did not improvidently exercise its discretion in denying the defendant's application to withdraw her plea on the ground of newly discovered

evidence. Moreover, the defendant's protestations of innocence and of coercion were refuted by the record *(see, People v Lisbon,* 187 AD2d 457). The court conducted an extensive inquiry before accepting the defendant's plea to a lesser charge. The defendant acknowledged that she was not coerced into accepting the plea and that the plea was in her best interests. In denying her motion, the court noted that the plea agreement was reached after a review of the People's evidence. The record reveals that the defendant knowingly, intelligently, and voluntarily pleaded guilty upon the advice of counsel and thereby secured a favorable sentence *(see, People v Stevens,* 193 AD2d 635).

The defendant's contentions regarding the Grand Jury proceedings are not properly before the Court as she withdrew her motion to dismiss the indictment as part of the plea bargain. In any event, by pleading guilty, the defendant forfeited the claims raised on appeal *(see, People v Wallace,* 188 AD2d 499; *People v Gerber,* 182 AD2d 252).

We find that the defendant effectively waived appellate review of her sentence as part of her plea bargain *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). The remaining issues raised by the defendant are without merit. Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.