■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON JONES, Appellant. [626 NYS2d 809] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Demakos, J.), both rendered August 25, 1993, convicting him of attempted rape in the first degree under Indictment No. 4152/90, and escape in the first degree under Indictment No. 1619/92, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's claim of a violation of his statutory right to a speedy trial *(see,* CPL 30.30) has been forfeited by the entry of his guilty pleas *(see, People v O'Brien,* 56 NY2d 1009; *People v Suarez,* 55 NY2d 940; *People v Gerber,* 182 AD2d 252) as well as expressly waived by him as part of his waiver of the right to appeal *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). Moreover, upon our consideration of the appropriate factors *(see, Barker v Wingo,* 407 US 514; *People v Taranovich,* 37 NY2d 442), we find that the defendant's constitutional right to a speedy trial was not compromised under the circumstances of this case *(see, e.g., People v Allen,* 203 AD2d 97; *People v McCummings,* 203 AD2d 656; *People v Allah,* 202 AD2d 599).

Additionally, contrary to the defendant's contention, the fact that his first trial ended in a mistrial did not implicate the prohibition against double jeopardy. The mistrial was granted upon the motion of the defendant's counsel, and there is no suggestion that the motion was provoked by any conduct on the part of the prosecution *(see, e.g., Matter of Roman v Brown,* 175 AD2d 899; *Matter of Cavaliere v Judges of Supreme Ct.,* 157 AD2d 722; *see generally, People v Ferguson,* 67 NY2d 383, 388).

Similarly unavailing is the defendant's contention that the court erred in denying his application to withdraw his guilty pleas. A motion to withdraw a guilty plea is addressed to the sound discretion of the court *(see, People v Evans,* 204 AD2d 346; *People v Pettway,* 140 AD2d 721), and a guilty plea will be upheld if it was entered knowingly, voluntarily, and intelligently *(see, People v Fiumefreddo,* 82 NY2d 536; *People v Harris,* 61 NY2d 9). The court provided the defendant with a complete opportunity to set forth the basis of his motion and conducted an extensive hearing on the matter. In light of the credible evidence adduced at the hearing, and the record of the plea proceeding which demonstrated the validity of the pleas and refuted the defendant's unsubstantiated assertions of coercion and off-the-record promises, we discern no improvident exercise of discretion in the court's denial of the motion *(see, People v Evans, supra; People v Bates,* 204 AD2d 473; *People v Howard,* 138 AD2d 525). Sullivan, J. P., Copertino, Pizzuto and Krausman, JJ., concur.