■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MANN, Appellant. [821 NYS2d 616]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 14, 2003, convicting him of murder in the second degree, assault in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the County Court properly denied his motions for the assignment of new counsel and to withdraw his guilty plea. It is well settled that a motion to withdraw a guilty plea is addressed to the sound discretion of the court (*see People v McGriff,* 216 AD2d 330 [1995]; *People v Jones,* 214 AD2d 623 [1995]), and a guilty plea will be upheld where, as here, it was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo,* 82 NY2d 536 [1993]; *People v Harris,* 61 NY2d 9 [1983]). The mere fact that defense counsel may have advised him as to the risks of trial, including the possible maximum sentence if he was convicted, is insufficient to establish ineffective assistance of counsel or coercion (*see People v Jones,* 232 AD2d 505 [1996]; *People v Spinks,* 227 AD2d 310 [1996]; *People v Samuel,* 208 AD2d 776 [1994]). The defendant's bare assertions of innocence are also insufficient to withdraw a guilty plea (*see People v Moore,* 71 NY2d 1002 [1988]; *People v Lowrance,* 41 NY2d 303, 304-305 [1977]; *People v Evans,* 204 AD2d 346 [1994]; *People v Chestnut,* 188 AD2d 480 [1992]).

The defendant's contention that the County Court failed to advise him of the mandatory period of postrelease supervision is unpreserved for appellate review (*see People v Hall,* 7 AD3d 812 [2004]; *People v Russell,* 7 AD3d 818 [2004]; *see also People v Catu,* 4 NY3d 242 [2005]). Furthermore, the sentence imposed was neither harsh nor excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.