■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DUKE, Appellant. [836 NYS2d 263]—

Appeal by the defendant from so much of an order of the Supreme Court, Queens County (Roman, J.), dated August 18, 2005, as denied that branch of his motion which was to be resentenced pursuant to chapter 738 of the Laws of 2004.

Ordered that the order is affirmed.

In 1995 the defendant was convicted in the Supreme Court, Queens County, of one count of criminal sale of a controlled substance in the third degree, a class B felony (Penal Law

§ 220.39 [1]), for selling 1.8 grains of cocaine to an undercover police officer for the sum of $20. He was sentenced under the law then in effect, as a second felony offender, to an indeterminate term of 10 to 20 years, which was less than the maximum permissible sentence of 12½ to 25 years.

In 2004 the Legislature enacted the Drug Law Reform Act (L 2004, ch 738, §§ 1-41) (hereinafter the DLRA), which, among other things, eliminated the mandatory minimum 15-year to life sentences for class A-I drug offenders (*see* Penal Law former § 70.00 [2] [a]; [3] [a] [i]), and the mandatory minimum three-year to life sentences for first time class A-II drug offenders (*see* Penal Law former § 70.00 [2] [a]; [3] [a] [ii]), and replaced the indeterminate sentencing structure with determinate sentences (*see* Penal Law § 70.00 [1]; § 70.71).

The Legislature made the new sentencing provisions of the DLRA applicable prospectively to defendants convicted of a crime committed more than 30 days after the date the statute became a law, and those provisions thus became applicable to crimes committed on or after January 13, 2005 (*see* L 2004, ch 738, § 41 [d-1]; *People v Utsey,* 7 NY3d 398, 403 n 5 [2006]). The Legislature, however, provided a procedure for individuals who had been convicted of class A-I drug felonies under the old law to apply to their sentencing courts for resentencing under the DLRA (L 2004, ch 738, § 23). Other incarcerated defendants were provided with an opportunity to earn an additional one-sixth off their minimum sentences through merit time (*see* L 2004, ch 738, § 30; Correction Law § 803 [1] [d]), and to obtain early termination of parole (*see* L 2004, ch 738, §§ 37, 38, *amdg* Executive Law § 259-j; *People v Utsey, supra*).

Under the Rockefeller Drug Laws (L 1973, ch 276, § 19), the permissible sentence for a class A-II felon with a predicate felony was an indeterminate term with a minimum period of 6 to 12½ years and a maximum of life (*see* Penal Law § 70.06); under the new sentencing structure of the DLRA, the permissible sentence for the same offense is a determinate term between 6 and 14 years, with five years of post-release supervision (*see* Penal Law § 70.71 [3]; § 70.45 [2]).

In June 2005 the defendant made a pro se motion in which he asserted, inter alia, that his sentence of 10 to 20 years was excessively harsh for a low-level drug offense. He requested resentencing to "time served" or resentencing under "the new less harsh Rockerfeller [*sic*] laws." The Supreme Court denied this branch of the defendant's motion on the ground that the DLRA does not provide for resentencing of persons convicted of class B drug felonies.

On appeal, the defendant, now represented by assigned counsel, contends, inter alia, that the resentencing provisions of the DLRA violate his right to equal protection of the laws (NY Const, art I, § 11; US Const, 14th Amend) and the constitutional prohibition against cruel and unusual punishment (*see* NY Const, art I, § 5; US Const 8th Amend). These claims have not been preserved for appellate review and we decline to reach them in the exercise of our interest of justice jurisdiction (*cf.* CPL 470.15 [6] [a]; *People v Baumann & Sons Buses, Inc.,* 6 NY3d 404, 408 [2006]; *People v Felix,* 58 NY2d 156, 161 [1983]). Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.