The People of the State of New York, Respondent, v Willie DeLeon, Appellant. [837 NYS2d 189]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered May 24, 2005, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged, by indictment, with one count of rape in the first degree, three counts of criminal sexual act in the first degree, and one count of rape in the third degree. By Superior Court Information, the defendant entered a plea of guilty to criminal possession of a weapon in the third degree. According to the negotiated plea, the defendant could withdraw his plea of guilty if the results of a DNA analysis were favorable to him. Upon receipt of the DNA results, the defendant moved to withdraw his plea of guilty. The County Court denied the motion, finding that the results of the DNA analysis were not favorable to the defendant. The defendant moved for leave to renew his motion, which the County Court denied. The County Court sentenced the defendant to the agreed upon term of imprisonment of 3½ to 7 years.

The decision to permit a defendant to withdraw a plea of

guilty is a matter within the sound discretion of the County Court (*see People v Selikoff*, 35 NY2d 227 [1974], *cert denied* 419 US 1122 [1975]; *People v Mann*, 32 AD3d 865, 866 [2006], *lv denied* 8 NY3d 847 [2007]; *People v Kucharczyk*, 15 AD3d 595, 596 [2005]; *People v Sain*, 261 AD2d 488, 489 [1999]; *see also People v Thomas*, 25 AD3d 879, 880 [2006]; *People v Zakrzewski*, 7 AD3d 881, 882 [2004]). That decision will not be disturbed absent an improvident exercise of discretion (*see People v Lane*, 1 AD3d 801, 802 [2003]). Generally, a plea of guilty may not be withdrawn absent some evidence or claim of innocence, fraud, or mistake in its inducement (*see People v Zakrzewski, supra* at 881; *People v Davis*, 250 AD2d 939, 940 [1998]).

Here, after determining that the results of the DNA analysis were not favorable to the defendant, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty.

The defendant knowingly and voluntarily waived his right to appeal as part of his plea of guilty. Accordingly, his claim that his sentence was excessive cannot be reviewed on this appeal. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.