■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEREL FORD, Appellant. [844 NYS2d 400]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered March 29, 2006, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The right of a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Mann*, 32 AD3d 865 [2006]; *People v Kucharczyk*, 15 AD3d 595 [2005]), and this determination generally will not be disturbed absent an improvident exercise of discretion (*see People v DeLeon*, 40 AD3d 1008 [2007]). In this case, the record reveals that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently, having reached a favorable plea bargain with the assistance of competent counsel with whose representation the defendant was satisfied (*see People v Mann*, 32 AD3d 865 [2006]). The defendant's generalized and unsubstantiated claim

of innocence at the time of sentencing was not sufficient to warrant the vacatur of the plea (*see People v De Jesus*, 199 AD2d 529, 530 [1993]; *People v Carter*, 191 AD2d 640 [1993]; *People v Stephens*, 175 AD2d 272 [1991]; *People v Williams*, 156 AD2d 497 [1989]). Nor did the defendant's subsequent expression of unhappiness with the length of the sentence to which he had agreed require a vacatur of his plea (*see People v Hagzan*, 155 AD2d 616, 617 [1989]; *People v Morris*, 118 AD2d 595 [1986]). Furthermore, contrary to the defendant's arguments on appeal, "[a]n attorney assigned to represent a defendant in a criminal case has no duty to participate in a baseless *pro se* motion to withdraw a plea of guilty which was voluntarily, knowingly, and intelligently made" (*People v Caple*, 279 AD2d 635, 635 [2001]; *see People v Rodriguez*, 181 AD2d 643 [1992]; *People v Glasper*, 151 AD2d 692, 693 [1989]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.