■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO DRAGO, Appellant. [855 NYS2d 252]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Doyle, J.), rendered November 8, 2006, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court (*see People v Frederick*, 45 NY2d 520 [1978]; *People v DeLeon*, 40 AD3d 1008, 1008-1009 [2007]; *People v Mann*, 32 AD3d 865, 866 [2006]; *People v Turner*, 23 AD3d 503 [2005]; *People v Watson*, 13 AD3d 402, 403 [2004]). Here, to the extent that the defendant's pro se oral application to the County Court may be construed as one, in effect, to withdraw his plea of guilty on the ground that it was involuntary, the County Court providently exercised its discretion in denying, without a hearing, such an application (*see People v Owens*, 43 AD3d 1185 [2007]; *People v Rangolan*, 295 AD2d 543 [2002]; *People v Fernandez*, 291 AD2d 456 [2002]). The record shows that the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered (*see People v Garcia*, 92 NY2d 869, 870 [1998]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Grimes*, 35 AD3d 882, 883 [2006]).

The defendant's valid waiver of his right to appeal precludes appellate review of his claim that he was deprived of his right to effective assistance of counsel, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (*see People v Charpentier*, 44 AD3d 680 [2007]; *People v Sanchez*, 33 AD3d 633, 634 [2006]). With regard thereto, his contention rests mainly on matter dehors the record and, therefore, is not reviewable on direct appeal (*see People v DeLuca*, 45 AD3d 777 [2007]; *People v Sanchez*, 33 AD3d at 634). Insofar as the claim is reviewable on the record before us, we find that counsel provided the defendant with meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]). Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.