■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CUMMINGS, Appellant. [863 NYS2d 217]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rienzi, J.), rendered July 13, 2005, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The right of a defendant to withdraw a previously-entered plea of guilty rests within the sound discretion of the sentencing court (*see People v Seeber,* 4 NY3d 780 [2005]; *People v Mann,* 32 AD3d 865 [2006]; *People v Kucharczyk,* 15 AD3d 595 [2005]), whose determination generally will not be disturbed absent an improvident exercise of discretion (*see People v DeLeon,* 40 AD3d 1008 [2007]). In this case, the record reveals that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently, having reached a favorable plea bargain with the assistance of competent counsel, with whose representation the defendant was satisfied (*see People v Mann,* 32 AD3d 865 [2006]). The defendant's generalized and unsubstantiated claim of innocence at the time of sentencing was not sufficient to warrant the vacatur of the plea of guilty (*see People v De Jesus,* 199 AD2d 529, 530 [1993]; *People v Carter,* 191 AD2d 640 [1993]; *People v Stephens,* 175 AD2d 272 [1991]; *People v Williams,* 156 AD2d 497 [1989]).

The defendant's contention that the resentencing provisions of the Drug Law Reform Act of 2005 (L 2005, ch 643; hereinafter the Act) violate the Equal Protection Clause of the United

States and New York Constitutions because they do not apply to his crime, which was committed prior to the effective date of the Act, is unpreserved for appellate review, inasmuch as he failed to raise this issue either in his motion to withdraw his plea or at the time of sentencing (*see People v Duke,* 40 AD3d 872 [2007]).

The defendant's remaining contentions are without merit. Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.