■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN JOGIE, Appellant. [871 NYS2d 912]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 27, 2008 (*People v Jogie*, 51 AD3d 1038 [2008]), modifying a judgment of the County Court, Nassau County, rendered March 20, 2007.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD McCLOUD, Appellant. [871 NYS2d 911]—Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered July 20, 2007, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The right of a defendant to withdraw a previously-entered plea of guilty rests within the sound discretion of the sentencing court (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Mann*, 32 AD3d 865 [2006]; *People v Kucharczyk*, 15 AD3d 595 [2005]). That decision will not be disturbed absent an improvident exercise of discretion (*see People v DeLeon*, 40 AD3d 1008 [2007]). Contrary to the defendant's contentions, there is nothing in the record which would warrant disturbing the sentencing court's determination to deny his application to withdraw his plea of guilty. Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM McKETHAN, Appellant. [871 NYS2d 911]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 25, 1996 (*People v McKethan*, 225 AD2d 800 [1996]), affirming a judgment of the Supreme Court, Queens County, rendered June 15, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Mastro, Rivera and Santucci, JJ., concur.