■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SMITH, Appellant. [876 NYS2d 900]—

Appeals by the defendant from two judgments of the County Court, Westchester County (Walker, J.), both rendered August 15, 2005, convicting him of criminal sale of a controlled substance in the fifth degree under indictment No. 01725/03, and robbery in the third degree under indictment No. 00060/04, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the County Court properly denied his request for the assignment of new counsel on his application to withdraw his pleas of guilty. The defendant suffered no discernible prejudice based upon his counsel's failure to amplify his pro se contentions (*see People v Glasper*, 151 AD2d 692, 693 [1989]), and defense counsel "was not obligated to 'participate in a baseless *pro se* motion to withdraw a plea of guilty which was voluntarily, knowingly, and intelligently

made' " (*People v Pooler*, 58 AD3d 757 [2009], quoting *People v Caple*, 279 AD2d 635, 635 [2001]). Moreover, there is no merit to the defendant's contention that he was denied the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]).

The defendant contends that his plea of guilty to robbery in the third degree violated CPL 220.10 (5) (d) (ii). However, as the People correctly argue, the issue is not jurisdictional in nature, as the defendant pleaded guilty to an offense lesser than that charged in the indictment (*see* CPL 470.05 [2]; *People v Keizer*, 100 NY2d 114, 119 [2003]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.