■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN SANTOS, Appellant. [877 NYS2d 702]—Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), entered November 11, 2006, which denied his motion for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643), upon his conviction of criminal possession of a controlled substance in the second degree, which sentence was originally imposed, upon his plea of guilty, on September 8, 2003.

Ordered that the order is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur. [*See* 13 Misc 3d 1230(A), 2006 NY Slip Op 52063(U).]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS TEXIDOR, Appellant. [877 NYS2d 702]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered January 31, 2008, convicting him of sexual abuse in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision to permit a defendant to withdraw a previously-entered plea of guilty rests within the sound discretion of the court (*see People v Seeber,* 4 NY3d 780 [2005]; *People v Mann,* 32 AD3d 865 [2006]; *People v Kucharczyk,* 15 AD3d 595 [2005]). That decision will not be disturbed absent an improvident exercise of discretion (*see People v DeLeon,* 40 AD3d 1008 [2007]). Contrary to the defendant's contentions, there is nothing in the record which would warrant disturbing the County Court's determination to deny his application to withdraw his plea of guilty. Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.