◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KINGSLEY BROWN, Appellant. [893 NYS2d 901]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Kase, J.), rendered August 11, 2008, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence, including restitution in the sum of $9,614.54.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the provision of the sentence directing the defendant to pay restitution in the sum of $9,614.54; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, there is no indication in the record that the defendant's plea of guilty was involuntary (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Doceti*, 175 AD2d 256 [1991]). At sentencing, the defendant voluntarily withdrew his motion to vacate his plea of guilty after being advised that if the plea were vacated he could have a trial, but the court would no longer be bound to impose the promised sentence.

The plea minutes do not indicate that the plea of guilty was negotiated with terms that included restitution. At the time of sentencing, however, the court imposed restitution of $9,614.54 as a component of the sentence. On appeal, the People consent to vacatur of the restitution provision of the sentence. Accordingly, reaching the issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]), we modify the sentence by vacating the provision directing the defendant to pay restitution in the sum of $9,614.54 so as to conform to the promise made to him in exchange for his plea of guilty. Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.