■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN BRUNO, Appellant. [900 NYS2d 447]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered September 10, 2007, convicting him of robbery in the third degree (four counts), upon his plea of guilty, and imposing sentence, including a direction that the defendant make restitution in the sum of $16,715.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the provision of the sentence directing the defendant to make restitution in the sum of $16,715; as so modified, the judgment is affirmed.

The defendant's contention that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30 was forfeited by his plea of guilty (*see People v O'Brien*, 56 NY2d 1009, 1010 [1982]; *People v Perez*, 51 AD3d 824 [2008]; *People v Mosley*, 50 AD3d 1161 [2008]; *People v Holmes*, 303 AD2d 690, 691 [2003]).

The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Pooler*, 58 AD3d 757 [2009]; *People v Ford*, 44 AD3d 1070, 1070 [2007]; *People v Mann*, 32 AD3d 865 [2006]; *People v Kucharczyk*, 15 AD3d 595 [2005]), and this determination generally will not be disturbed absent an improvident exercise of discretion (*see People v Pooler*, 58 AD3d at 757; *People v Ford*, 44 AD3d at 1070; *People v DeLeon*, 40 AD3d 1008 [2007]). Here, the defendant knowingly, voluntarily, and intelligently entered his negotiated plea of guilty with the assistance of competent counsel, in exchange for a favorable sentence promise (*see People v Pooler*, 58 AD3d at 757; *People v Ford*, 44 AD3d at 1070; *People v Mann*, 32 AD3d 865 [2006]). The sentencing court did not improvidently exercise its discretion in denying, without a hearing, the defendant's pro se motion to vacate his plea of guilty on the ground that he was innocent (*see People v Doherty*, 134 AD2d 513, 513 [1987]). The defendant's bare assertions of innocence at the time of sentencing were insufficient to justify granting

his motion to withdraw his plea of guilty (*see People v Cummings*, 53 AD3d 587, 587 [2008]; *People v Beasley*, 50 AD3d 697, 697-698 [2008]; *People v Ford*, 44 AD3d at 1070-1071; *People v Mann*, 32 AD3d at 866). Moreover, contrary to the defendant's arguments, his attorney was not obligated to "participate in a baseless *pro se* motion to withdraw a plea of guilty which was voluntarily, knowingly, and intelligently made" (*People v Caple*, 279 AD2d 635, 635 [2001]; *see People v Pooler*, 58 AD3d at 757; *People v Ford*, 44 AD3d at 1070; *People v Doherty*, 134 AD2d at 514). There is no merit to the defendant's contention that he was deprived of the effective assistance of counsel (*see People v Pooler*, 58 AD3d at 757; *People v Brooks*, 36 AD3d 929, 930 [2007]; *People v Grimes*, 35 AD3d 882, 883 [2006]; *People v Campbell*, 180 AD2d 808, 809 [1992]; *People v Bourdonnay*, 160 AD2d 1014, 1015 [1990]).

The defendant's contention that the County Court breached the plea agreement by directing him to pay restitution is unpreserved for appellate review. However, we review the contention in the exercise of our interest of justice jurisdiction (*see* CPL 470.15). Although a court is free to reserve the right to order restitution as part of a plea agreement, the plea minutes in this case do not indicate that the plea of guilty was negotiated with terms that included restitution. Accordingly, under the circumstances of this case, we deem it appropriate to vacate the provision of the defendant's sentence which imposed restitution, so as to conform the sentence imposed to the promise made to the defendant in exchange for his plea of guilty (*see People v Brown*, 70 AD3d 1047 [2010]; *People v Ortega*, 61 AD3d 705 [2009]).

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.