◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON RAMOS, Appellant. [909 NYS2d 484]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Molea, J.), rendered July 1, 2009, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant moved to withdraw his plea of guilty on the ground that the plea was not knowing, voluntary, and intelligent because he felt compelled to take the plea out of fear that his attorney would be forced to withdraw from the case and therefore would not be able to represent·him at trial. The defendant also claimed that his mental state was impaired due to insufficient medication for his bipolar disorder, and that his understanding was limited due to borderline intelligence. The defendant did not submit an affidavit or medical evidence in support of these allegations, which were set forth in his attorney's affirmation.

The decision whether to permit a defendant to withdraw a plea of guilty is a matter within the sound discretion of the court and will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Selikoff*, 35 NY2d 227, 241 [1974], *cert denied* 419 US 1122 [1975]; *People v Smith*, 54 AD3d 879, 879-880 [2008]; *People v Drago*, 50 AD3d 920 [2008]). Here, the County Court providently exercised its discretion in denying the defendant's motion. The defendant's contentions of coercion and pressure were properly rejected as unsupported by the record (*see People v Fontana*, 267 AD2d 398, 399 [1999]; *People v Sears*, 204 AD2d 578 [1994]). Further, the defendant's conclusory assertions regarding his mental state were belied by his concession that he received his medication at the regularly scheduled time, and by the County Court's observations of his demeanor and his coherent and unequivocal responses during the comprehensive plea allocution (*see People v Martinez*, 33 AD3d 631, 632 [2006]; *People v Loria*, 12 AD3d 1125 [2004]; *People v Pryor*, 11 AD3d 565 [2004]). Thus, the record establishes that the defendant's plea of guilty and his waiver of the right to appeal were knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]).

"The defendant's valid waiver of his right to appeal precludes appellate review of his claim that he was deprived of his right to effective assistance of counsel, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea" (*People v Drago*, 50 AD3d at 920; *see People v Demosthene*, 2 AD3d 874 [2003]). Therefore, review of the defendant's claim that his counsel was ineffective during the suppression hearing is precluded by his valid waiver of appeal. Insofar as the defendant contends that his counsel's conduct affected the voluntariness of his plea, to the extent this claim may be reviewed on the record before us, we find that counsel

provided the defendant with meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]). To the extent that the defendant's contention rests on matter dehors the record, it is not reviewable on direct appeal (*see People v Drago*, 50 AD3d at 920; *People v DeLuca*, 45 AD3d 777 [2007]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.