■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SCHWEITZER, Appellant. [910 NYS2d 667]—

Appeal by the defendant from a judgment of the County

Court, Westchester County (Adler, J.), rendered December 10, 2009, convicting him of robbery in the third degree, grand larceny in the fourth degree, and criminal impersonation in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The right of a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Mann*, 32 AD3d 865 [2006]; *People v Kucharczyk*, 15 AD3d 595 [2005]), and the denial of a motion to withdraw a plea will not be disturbed absent an improvident exercise of that discretion (*see People v DeLeon*, 40 AD3d 1008 [2007]). The record here shows that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Harris*, 61 NY2d 9, 16 [1983]).

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that the sentence was excessive (*see People v De Alvarez*, 59 AD3d 732 [2009]; *People v Fanelli*, 8 AD3d 296 [2004]; *People v Mejia*, 6 AD3d 630 [2004]; *People v Kazepis*, 101 AD2d 816 [1984]). In any event, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.