THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN DECARLO, Appellant. [919 NYS2d 398]—

The defendant's contention that he was deprived of his right to effective assistance of counsel is, in part, based on matter dehors the record and to that extent, it may not be reviewed on direct appeal (*see People v Ramos*, 77 AD3d 773 [2010]). Insofar

as the record permits review of the claim, we find that defense counsel provided meaningful representation (*see People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's claim that his conviction of criminal sexual act in the third degree was not supported by legally sufficient evidence is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Martin*, 48 AD3d 701, 702 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal sexual act in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 634-635 [2006]). Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.