■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BIVENS, Appellant. [930 NYS2d 910]—

The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Bruno*, 73 AD3d 941 [2010]; *People v Pooler*, 58 AD3d 757 [2009]; *People v Mann*, 32 AD3d 865 [2006]; *People v Kucharczyk*, 15 AD3d 595 [2005]), and this determination generally will not be disturbed absent an improvident exercise of discretion (*see People v Bruno*, 73 AD3d at 941; *People v Pooler*, 58 AD3d at 757; *People v DeLeon*, 40 AD3d 1008 [2007]). Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying, without a hearing, his pro se motion to vacate his plea of guilty (*see People v Doherty*, 134 AD2d 513 [1987]).

The defendant knowingly, voluntarily, and intelligently entered his negotiated plea of guilty with the assistance of competent counsel, in exchange for a favorable sentence promise (*see People v Bruno*, 73 AD3d at 941; *People v Pooler*, 58 AD3d at 757; *People v Cummings*, 53 AD3d 587 [2008]). The defendant's unsubstantiated assertions of innocence at the time of sentencing were insufficient to justify granting his motion to withdraw his plea of guilty (*see People v Bruno*, 73 AD3d at 941; *People v Cummings*, 53 AD3d at 587).

To the extent that the defendant's claim that he was deprived of the effective assistance of counsel rests on matter which is dehors the record, it is not reviewable on direct appeal (*see People v Ramos*, 77 AD3d 773, 775 [2010]; *People v Drago*, 50 AD3d 920 [2008]). To the extent this claim may be reviewed on the record before us, we find that counsel provided the defendant with meaningful representation (*see People v Perez*, 83 AD3d 738, 739 [2011], *lv denied* 17 NY3d 809 [2011]; *People v Ramos*, 77 AD3d at 774-775). Dillon, J.P., Belen, Roman and Miller, JJ., concur.