“The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the [trial court] and generally will not be disturbed absent an improvident exercise of discretion” (People v Caruso, 88 AD3d 809, 809 [2011]; see CPL 220.60 [3]; People v Seeber, 4 NY3d 780, 780 [2005]; People v Dazzo, 92 AD3d 796, 796 [2012]; People v Amanze, 87 AD3d 1159, 1159 [2011]). “[A] hearing will be granted only in rare instances” (People v Brown, 14 NY3d 113, 116 [2010]; see People v Dazzo, 92 AD3d at 796; People v Perez, 83 AD3d 738, 739 [2011]).
Here, the record supports the County Court’s determination denying, without a hearing, the defendant’s application to withdraw his plea of guilty, as his plea was entered knowingly, voluntarily, and intelligently (see People v Dazzo, 92 AD3d at 796-797; People v Caruso, 88 AD3d at 810; People v Jackson, 87 AD3d 552, 553 [2011]; People v Perez, 83 AD3d 738 [2011]). The defendant’s allegation that his attorney coerced him to plead guilty is belied by his statements under oath acknowledging that he was voluntarily pleading guilty and that no one made any threats or forced him to enter his plea (see People v Dazzo, 92 AD3d at 796-797; People v Caruso, 88 AD3d at 810; People v Wiedmer, 71 AD3d 1067, 1067 [2010]). Moreover, the defendant acknowledged that he was satisfied with the representation he had received from his attorney, who negotiated a favorable plea agreement on his behalf (see People v Caruso, 88 AD3d at 810; People v Wiedmer, 71 AD3d at 1067). Further, the defendant’s *696 unsubstantiated allegations that his attorney lied to him prior to his accepting the plea agreement are not supported by the record (see People v Duah, 91 AD3d 884, 885 [2012]; People v Caruso, 88 AD3d at 810; People v Dunbar, 260 AD2d 644, 644 [1999]; People v Quijada-Lopez, 256 AD2d 478, 478 [1998]; People v Bonds, 254 AD2d 430, 430 [1998]).
In addition, contrary to the defendant’s contention that he was not informed of the direct consequences of his plea concerning the term of postrelease supervision, the record demonstrates that, prior to accepting the plea, the defendant was made aware that the maximum term of postrelease supervision he would receive was five years, which is the term of postrelease supervision he actually received at sentencing (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Gravino, 14 NY3d 546, 553-554 [2010]; People v Johnson, 14 NY3d 483, 486 [2010]; People v Lopez, 6 NY3d 248, 256 [2006]).
With respect to the defendant’s contention that he was deprived of the effective assistance of counsel at the time of sentencing, though the defendant waived his right to appeal, the record does not demonstrate that the waiver was knowing and intelligent (see People v Bradshaw, 18 NY3d at 259; People v Lopez, 6 NY3d at 256; People v Calvi, 89 NY2d 868, 871 [1996]). However, that contention is without merit. “ ‘[A]n attorney assigned to represent a defendant in a criminal case has no duty to participate in a baseless pro se motion to withdraw a plea of guilty which was voluntarily, knowingly, and intelligently made’ ” (People v Ford, 44 AD3d 1070, 1071 [2007], quoting People v Caple, 279 AD2d 635, 635 [2001]; see People v Bruno, 73 AD3d 941, 942 [2010]; People v Smith, 61 AD3d 1005, 1005-1006 [2009]; People v Pooler, 58 AD3d 757, 757 [2009]). Further, contrary to the defendant’s contention, the record demonstrates that defense counsel did not take an adversarial position at the sentencing proceeding regarding the defendant’s application to withdraw his plea (see People v Davis, 161 AD2d 787, 788-789 [1990]). Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.