*775 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered July 20, 2010, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant moved to withdraw his plea of guilty on the ground that the plea was not knowing, voluntary, and intelligent because, inter alia, his attorney allegedly rendered ineffective assistance. After a hearing, the defendants’ motions were denied.
Contrary to the defendant’s contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Seaberg, 74 NY2d 1, 11 [1989]). Because the defendant voluntarily waived his right to appeal, his claim that he was deprived of his right to effective assistance of counsel is precluded, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (see People v Ramos, 77 AD3d 773, 774 [2010]; People v Drago, 50 AD3d 920, 920 [2008]; People v Demosthene, 2 AD3d 874, 874 [2003]). Insofar as he contends that his counsel’s conduct affected the voluntariness of his plea, contrary to the defendant’s contention, his attorney provided him with meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Baldi, 54 NY2d 137, 147 [1981]). Moreover, the record demonstrates that the defendant’s plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Harris, 61 NY2d 9, 16 [1983]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant’s motions to withdraw his guilty plea (see generally People v Seeber, 4 NY3d 780, 780 [2005]; People v Bivens, 88 AD3d 808, 808 [2011]; People v Bruno, 73 AD3d 941, 941 [2010]; People v Pooler, 58 AD3d 757, 757 [2009]; People v Mann, 32 AD3d 865, 866 [2006]; People v Kucharczyk, 15 AD3d 595, 595 [2005]).
Eng, EJ„ Dickerson, Hall and Lott, JJ, concur.