Appeal by the defendant from a judgment of the Supreme Court, Queens County (Mullings, J.), rendered October 28, 2010, convicting him of grand larceny in the first degree, upon his plea of guilty, and imposing sentence. By decision and order dated February 21, 2012, this Court reversed the judgment, on the law, vacated the plea, dismissed the superior court information, and remitted the matter to the Supreme Court, Queens County, for further proceedings on the felony complaint (see People v Milton, 92 AD3d 899 [2012]). On May 7, 2013, the Court of Appeals reversed the decision and order of this Court, reinstated the superior court information, and remitted the matter to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (see People v Milton, 21 NY3d 133 [2013]).
Ordered that, upon remittitur from the Court of Appeals, the judgment is affirmed.
*766 The defendant pleaded guilty to a superior court information charging him with, inter alia, grand larceny in the first degree for his role in a wide ranging mortgage fraud and identity theft scheme. Nine months later, the defendant moved to withdraw his plea on the basis that, inter alia, he was innocent of the charges, had not been fully informed of the consequences of pleading guilty, and had been coerced by his attorney to plead guilty with the threat of jail. The Supreme Court denied the motion, finding, inter alia, that the defendant’s plea was knowing, voluntary, and intelligent.
The defendant appealed from the judgment, contending, inter alia, that the superior court information he pleaded guilty to was jurisdictionally defective. In a decision and order dated February 21, 2012, this Court agreed with the defendant and held that the superior court information was jurisdictionally defective, reversed the judgment, vacated the plea, dismissed the superior court information, and remitted the matter to the Supreme Court, Queens County, for further proceedings on the felony complaint (see People v Milton, 92 AD3d 899, 900 [2012]). Upon reaching this conclusion, this Court declined to reach the defendant’s remaining arguments since they had been rendered academic.
In an opinion and order dated May 7, 2013 (see People v Milton, 21 NY3d 133 [2013]), the Court of Appeals reversed this Court’s decision and order. The Court of Appeals concluded that the superior court information was jurisdictionally sound, reinstated it, and remitted the matter to this Court for consideration of the facts and issues raised but not determined on the defendant’s appeal to this Court.
“[B]efore a waiver of the right to appeal may be enforced, the record must be examined to ensure that the waiver was voluntary, knowing and intelligent” (People v Callahan, 80 NY2d 273, 283 [1992]; see People v Ramos, 7 NY3d 737 [2006]). Here, the record reflects that the Supreme Court confirmed that the defendant discussed the written waiver with his counsel, that he was aware of its contents before he signed it, and that he orally acknowledged to the court that he understood the written waiver (see People v Callahan, 80 NY2d at 283; People v McCray, 103 AD3d 666 [2013]). Thus, contrary to the defendant’s contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Seaberg, 74 NY2d 1, 11 [1989]).
The defendant’s valid waiver of his right to appeal precludes review of his challenge to the factual sufficiency of his plea allocution (see People v Brown, 78 AD3d 723 [2010]; People v *767 Johnson, 73 AD3d 951 [2010]). While the valid waiver of his right to appeal would typically preclude review of the defendant’s claim that he was deprived of his right to effective assistance of counsel, here, the defendant claims that the alleged ineffective assistance may have affected the voluntariness of his plea, and, as such, his claim is reviewable (see People v Ramos, 77 AD3d 773, 774 [2010]; People v Drago, 50 AD3d 920 [2008]; People v Demosthene, 2 AD3d 874 [2003]). Nevertheless, contrary to the defendant’s contention, his attorney provided him with meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Baldi, 54 NY2d 137, 147 [1981]). Moreover, the Supreme Court providently exercised its discretion in denying the defendant’s motion to withdraw his guilty plea (see generally People v Seeber, 4 NY3d 780 [2005]; People v Bivens, 88 AD3d 808 [2011]; People v Bruno, 73 AD3d 941 [2010]; People v Pooler, 58 AD3d 757 [2009]; People v Mann, 32 AD3d 865, 866 [2006]; People v Kucharczyk, 15 AD3d 595 [2005]).
The defendant’s remaining contentions are without merit. Eng, EJ., Rivera, Hall and Sgroi, JJ., concur.