People v Etienne (2021 NY Slip Op 02409)





People v Etienne


2021 NY Slip Op 02409


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-09199 
2019-09204

[*1]The People of the State of New York, respondent,
v
Kervin Etienne, appellant. (Ind. Nos. 1512/17, 157/18)


Mark Diamond, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Mary Faldich of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Robert A. Schwartz, J.), both rendered July 26, 2019, convicting him of conspiracy in the second degree under Indictment No. 1512/17, and criminal possession of a weapon in the second degree under Indictment No. 157/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the trial court and generally will not be disturbed absent an improvident exercise of discretion" (People v Johnson, 97 AD3d 695, 695 [internal quotation marks and brackets omitted]). Here, the Supreme Court's denial of the defendant's motion to withdraw his pleas of guilty without conducting a hearing was not an improvident exercise of discretion (see People v Bravo, 72 AD3d 697, 697; see also People v Mitchell, 21 NY3d 964, 967; People v Frederick, 45 NY2d 520, 524-525; People v Jackson, 170 AD3d 1040, 1040; People v Johnson, 97 AD3d at 695).
In particular, the defendant's claim of actual innocence as to the count of conspiracy in the second degree was "generalized and unsubstantiated" (People v Ford, 44 AD3d 1070, 1070) and, thus, "not sufficient to warrant the vacatur of the plea" as to that count (id. at 1071; see People v Griffin, 167 AD3d 934, 934-935). The defendant's claim that the Supreme Court forced him to waive his right to appeal as part of the plea deal is refuted by the record of the plea proceeding, which demonstrates that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-341).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his plea counsel was ineffective, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his pleas (see People v Jackson, 170 AD3d at 1041; People v Turner, 40 AD3d 1018, 1019). To the extent that the defendant claims that the alleged ineffective assistance affected the voluntariness of his pleas, his contention is without merit. In particular, the defendant's claim that counsel coerced him into pleading guilty is "belied by his statements under oath at the plea proceeding" (People v Jackson, 170 AD3d at 1040-1041), which [*2]reveal that he knowingly, intelligently, and voluntarily entered his pleas of guilty, absent any threats or force, having reached a favorable plea bargain with the assistance of competent counsel with whose representation the defendant was satisfied (see People v Bhuiyan, 181 AD3d 699, 700-701; People v Johnson, 97 AD3d at 695-696; People v Ford, 44 AD3d at 1070).
Contrary to the defendant's contention, he was not deprived of his right to the effective assistance of counsel on his motion to withdraw his pleas of guilty (see People v Mitchell, 21 NY3d at 966; People v Caple, 279 AD2d 635, 635; cf. People v Armstead, 126 AD3d 805, 806; People v Santana, 156 AD2d 736, 736).
The defendant's separate contention, not raised on his motion to withdraw his pleas of guilty, that his pleas were not knowingly, intelligently, and voluntarily entered but rather the result of certain coercive conduct by the Supreme Court is unpreserved for appellate review (see People v Andrea, 98 AD3d 627, 627). In any event, the defendant's contention is without merit (see People v Seaberg, 71 NY2d 1, 8-9; People v Bravo, 72 AD3d at 698).
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the factual sufficiency of his plea allocution on the count of conspiracy in the second degree (see People v Griffin, 167 AD3d at 934), as well as his contention that the Supreme Court failed to comply with the procedures of CPL 400.15 before sentencing him as a second violent felony offender (see People v Bird, 164 AD3d 1357, 1358).
Contrary to the defendant's contention, the Supreme Court did not sentence him as a second violent felony offender on his conviction of conspiracy in the second degree. Rather, the court sentenced the defendant as a second violent felony offender only on his conviction of criminal possession of a weapon in the second degree.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court