People v Campbell (2021 NY Slip Op 04615)





People v Campbell


2021 NY Slip Op 04615


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
BETSY BARROS
PAUL WOOTEN, JJ.


2016-07564
2016-07565

[*1]The People of the State of New York, respondent,
v
Malachi Campbell, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Kevin C. King and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), both rendered June 21, 2016, convicting him of course of sexual conduct against a child in the first degree under Indictment No. 1106/14, and criminal possession of a weapon in the second degree under Indictment No. 1178/14, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant pleaded guilty to course of sexual conduct against a child in the first degree and criminal possession of a weapon in the second degree under separate indictments. Prior to sentencing, the defendant moved to withdraw his pleas of guilty. The Supreme Court denied the motion and sentenced the defendant in accordance with the plea agreement. The defendant appeals.
The defendant's contention that his pleas were not knowing, voluntary, or intelligent because he was not advised how the tolling provisions of Penal Law § 70.06(1)(b)(v) would impact the possible imposition of an enhanced sentence as a prior felony offender is unpreserved for appellate review, because he did not move to withdraw his pleas of guilty on this ground prior to the imposition of sentences (see People v Torres, 192 AD3d 831; People v Leasure, 177 AD3d 770, 772; People v Rodriquez-Abreu, 170 AD3d 895, 896). In any event, the defendant's contention is without merit (see People v Torres, 192 AD3d 831; People v King, 166 AD3d 1236, 1237; People v Richardson, 132 AD3d 1022, 1022-1023).
The defendant's claim that he was coerced into pleading guilty is "belied by his statements under oath at the plea proceeding" (People v Jackson, 170 AD3d 1040, 1040-1041), which reveal that he knowingly, intelligently, and voluntarily entered his pleas of guilty, absent any threats or force, having reached a favorable plea agreement with the assistance of competent counsel with whose representation the defendant was satisfied (see People v Etienne, 193 AD3d 971).
"The decision to permit a defendant to withdraw a previously entered plea of guilty [*2]rests within the sound discretion of the trial court and generally will not be disturbed absent an improvident exercise of discretion" (id. at 971-972 [internal quotation marks omitted]). Here, the Supreme Court's denial of the defendant's motion to withdraw his pleas of guilty without conducting a hearing was not an improvident exercise of discretion.
Because all of the defendant's substantive arguments involve the issue of whether he knowingly, voluntarily, and intelligently entered his pleas of guilty, which is not subject to an appeal waiver, the defendant's remaining argument concerning the validity of his waiver of the right to appeal need not be addressed (see People v Seaberg, 74 NY2d 1, 10; People v Murrell, 126 AD3d 918, 919).
LASALLE, P.J., CHAMBERS, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court