■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BONDS, Appellant. [631 NYS2d 909] —Appeal by the defendant, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Cirigliano, J.), rendered September 22, 1993, as convicted him of attempted robbery in the second degree, upon a jury verdict, and imposed sentence.

Ordered that the judgment is affirmed insofar as appealed from.

Contrary to the defendant's contention, he was properly convicted of attempted robbery in the second degree, as defined in Penal Law § 160.10 (2) (a), based upon proof that, during the course of an attempt to forcibly steal property from the victim, he inflicted physical injury upon the victim *(see, People v Blake,* 212 AD2d 382; *People v Walter R.,* 116 AD2d 673). Although there can be no attempt to accomplish an unintended result *(see, People v Campbell,* 72 NY2d 602), robbery in the second degree as defined in Penal Law § 160.10 (2) (a) requires both the unintended result of infliction of physical injury and the intended result of stealing property *(cf., People v Campbell, supra).* In this case the unintended result in fact occurred, but the intended result, the forcible stealing of property, was attempted, but not accomplished *(cf., People v Esquilin,* 159 AD2d 632). The gravamen of robbery in the second degree is the forcible stealing of property *(see,* Penal Law § 160.00; *People v Blake, supra; People v Scott,* 159 AD2d 975), which is the intended result *(cf., People v Esquilin, supra).* Accordingly, an attempt to commit the crime of robbery in the second degree as defined in Penal Law § 160.10 (2) (a) is cognizable as a crime.

To the extent that the determinations of the Appellate Division, Fourth Department in *People v Miller* (201 AD2d 109, *lv granted* 84 NY2d 938) and *People v Shelton* (209 AD2d 963) are to the contrary, we decline to follow them. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.