THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN QUARCINI, Appellant. [771 NYS2d 784]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered September 28, 2001. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated, the superior court information is dismissed, and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.

Memorandum: We agree with defendant that a lesser included

offense for purposes of CPL 195.20 must fall within the definition of that term set forth in CPL 1.20 (37) (*see People v Menchetti*, 76 NY2d 473, 477 [1990]). Thus, we further agree with defendant that the superior court information upon which he was prosecuted is jurisdictionally defective and must be dismissed (*see People v Zanghi*, 79 NY2d 815, 816-817 [1991]). As relevant here, defendant was charged by felony complaint with criminal possession of stolen property in the third degree (Penal Law § 165.50). He thereafter waived indictment and pleaded guilty to a superior court information, charging him with criminal possession of stolen property in the fourth degree (§ 165.45 [5]). Criminal possession of stolen property in the fourth degree under subdivision (5) of section 165.45 is not a lesser included offense of criminal possession of stolen property in the third degree within the meaning of CPL 1.20 (37). The lesser offense has a unique element, i.e., the property stolen must consist of a motor vehicle, and thus it is possible to commit the greater offense without by the same conduct committing the lesser offense (*see People v Glover*, 57 NY2d 61, 63 [1982]).

The People nevertheless contend that the superior court information is not jurisdictionally defective because the offense charged therein shares common elements of law and fact with the offense charged in the felony complaint (*see People v Johnson*, 89 NY2d 905, 907-908 [1996]; *People v Pitts*, 305 AD2d 1097 [2003]). We reject that contention. The principle upon which the People rely applies "[F]or plea purposes only" (*Johnson*, 89 NY2d at 907; *see People v Keizer*, 100 NY2d 114, 118-119 [2003]). In contrast, "[a] waiver of indictment and a departure from the constitutional safeguard and procedural *sine qua non* is available . . . only within the express authorization of the governing constitutional and statutory exception" (*People v Trueluck*, 88 NY2d 546, 549 [1996]). There is no express authorization for a superior court information to charge a crime that shares only common elements of law and fact with the crime charged in the felony complaint.

We therefore reverse the judgment, vacate the guilty plea, dismiss the superior court information, and remit the matter to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45. Present—Green, J.P., Pine, Wisner, Gorski and Lawton, JJ.