THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. KOHL, Appellant. [798 NYS2d 276]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered May 11, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated, the superior court information is dismissed, and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him

upon his plea of guilty of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]), defendant contends that the superior court information (SCI) was jurisdictionally defective. We agree. Contrary to the contention of the People, preservation of defendant's contention is not required, nor did defendant waive his contention by his guilty plea (*see People v Zanghi*, 79 NY2d 815, 817 [1991]).

Defendant was held for action of the grand jury on the offenses of burglary in the second degree (Penal Law § 140.25 [2]) and grand larceny in the fourth degree (§ 155.30 [4]). Pursuant to CPL 195.20, the offenses named in an SCI "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40." A defendant is held for action of a grand jury "on the lesser included offenses as well as a greater offense charged in the felony complaint" (*People v Menchetti*, 76 NY2d 473, 477 [1990]). Defendant is correct that criminal possession of stolen property in the fourth degree is not a lesser included offense of burglary in the second degree (*see People v Perez*, 156 AD2d 7, 12 [1990], *lv denied* 76 NY2d 794 [1990]; *People v Bergerson*, 105 AD2d 867, 868 [1984]). In addition, he is correct that criminal possession of stolen property in the fourth degree is not a lesser included offense of grand larceny in the fourth degree inasmuch as both are class E felonies (*see generally* CPL 1.20 [37]).

Contrary to the further contention of the People, "where 'joinable' offenses are included, the [SCI] must, at a minimum, also include at least one offense that was contained in the felony complaint" (*Zanghi*, 79 NY2d at 818). Here, the SCI contained no offense that was contained in the felony complaint. Finally, we agree with defendant that, although *People v Johnson* (89 NY2d 905, 907-908 [1996]) sets forth a narrow exception allowing pleas to crimes with common elements of fact and law, that exception does not apply to waivers of indictment (*see People v Quarcini*, 4 AD3d 864, 865 [2004]).

We therefore reverse the judgment, vacate the guilty plea, dismiss the SCI and remit the matter to Supreme Court for proceedings pursuant to CPL 470.45. Present—Hurlbutt, J.P., Scudder, Martoche, Pine and Lawton, JJ.