FOURTH DEPARTMENT, JANUARY, 2007

(January 10, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS GOFORTH, Appellant. [830 NYS2d 877]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered March 9, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated, the superior court information is dismissed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). We agree with defendant that the superior court information (SCI) was jurisdictionally defective because he was not held for action of a grand jury on the charge of criminal possession of a weapon in the third degree (*see* CPL 195.20; *People v Kohl*, 19 AD3d 1155 [2005]). "A defendant is held for action of a grand jury 'on the lesser included offenses as well as a greater offense charged in the felony complaint' " (*Kohl*, 19 AD3d at 1156, quoting *People v Menchetti*, 76 NY2d 473, 477 [1990]); criminal possession of a weapon in the third degree under Penal Law § 265.02 (4) is not, however, a lesser included offense of criminal possession of a weapon in the second degree (§ 265.03 [2]; *see People v Totten*, 161 AD2d 678 [1990]; *see generally People v Okafore*, 72 NY2d 81, 89 n 3 [1988]). We therefore conclude that defendant was not held for action of a grand jury on the charge to which he pleaded guilty.

We further agree with defendant that, because the SCI does not also include the offense that was contained in the felony complaint, i.e., criminal possession of a weapon in the second degree, the offense of criminal possession of a weapon in the third degree is not a joinable offense to the charge on which defendant was held for action of a grand jury. Thus, the SCI is jurisdictionally defective on that ground as well (*see Kohl*, 19 AD3d at 1156; *cf. People v June*, 30 AD3d 1016, 1017 [2006], *lv denied* 7 NY3d 813, 868 [2006]; *People v Clark*, 24 AD3d 1225, 1226 [2005], *lv denied* 6 NY3d 832 [2006]; *see generally People v McClain*, 24 AD3d 1271, 1272 [2005]).

" 'The waiver [of indictment] procedure [set forth in CPL 195.20] is triggered by the defendant being held for [g]rand [j]ury action on charges contained in a felony complaint . . .

and it is in reference to those charges that its availability must be measured' " (*People v Trueluck*, 88 NY2d 546, 551 [1996], quoting *People v D'Amico*, 76 NY2d 877, 879 [1990]). As we noted in *Kohl*, the "narrow exception [set forth in *People v Johnson*, 89 NY2d 905, 907-908 (1996)] allowing pleas to crimes with common elements of fact and law . . . does not apply to waivers of indictment" (19 AD3d at 1156; *see People v Quarcini*, 4 AD3d 864, 865 [2004]). We therefore reverse the judgment, vacate the plea of guilty, dismiss the SCI and remit the matter to County Court for proceedings pursuant to CPL 470.45. In light of our determination, we need not address defendant's remaining contention. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.