■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK EDWARDS, Appellant. [835 NYS2d 309]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Knopf, J.), rendered March 9, 2005, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, the superior court information is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the felony complaint.

The defendant was charged, by felony complaint, with two counts of robbery in the first degree under Penal Law § 160.15 (3). He waived indictment by a grand jury and pleaded guilty under a superior court information to one count of attempted robbery in the second degree under Penal Law §§ 110.00 and 160.10 (2) (a). Additionally, the charge in the superior court information named a victim other than the two victims named in the felony complaint. As the defendant contends and the People properly concede, the conviction must be reversed, the plea vacated, and the superior court information dismissed.

The single count in the superior court information was not an "offense for which the defendant [had been] held for action of a grand jury" (CPL 195.20), in that it was not an offense charged in the felony complaint or a lesser-included offense of an offense charged in the felony complaint (*see People v Menchetti,* 76 NY2d 473, 477 [1990]; *People v Quarcini,* 4 AD3d 864, 865 [2004]). Attempted robbery in the second degree under Penal Law §§ 110.00 and 160.10 (2) (a) is not a lesser included offense of the crimes for which the defendant was being held, i.e., two counts of robbery in the first degree under Penal Law § 160.15 (3), because it contains an element (physical injury) that is not an element of robbery in the first degree and, therefore, it is possible to commit the greater crime "without concomitantly committing, by the same conduct," the lesser crime (CPL 1.20 [37]; *see People v Bonds,* 220 AD2d 444 [1995]; *cf. People v Miller,* 87 NY2d 211, 215-216 [1995]). Even if it were a theoretically lesser-included crime, the designation of a victim in the superior court information different from the victims named in the felony complaint renders the crime contained in the information a different crime entirely. Thus, the superior court information to which the defendant pleaded guilty did not "include at least one offense that was contained in the felony complaint" (*People v Zanghi,* 79 NY2d 815, 818 [1991]), and, consequently, the superior court information was jurisdictionally defective (*id.; see People v Quarcini, supra; cf. People v Menchetti, supra* at 475). This defect survives the defendant's failure to raise this claim in the Supreme Court, his plea of guilty, and his waiver of the right to appeal (*see People v Zanghi, supra; People v*

*Manchetti, supra; People v June,* 30 AD3d 1016 [2006]; *People v Libby,* 246 AD2d 669, 670 [1998]).

In light of this disposition, we need not address the defendant's remaining contention. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.