OPINION OF THE COURT
Lester B. Adler, J.
Defendant moves pursuant to Criminal Procedure Law § 440.20 for an order setting aside his sentences with respect to his convictions for assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree on the grounds that they were unauthorized, illegal or invalid as a matter of law.[1]
Factual Background
Defendant was charged in indictment No. 06-0657 with four counts of assault in the first degree (Penal Law § 120.10 [1], [3]), one count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]), one count of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), and one count of reckless endangerment in the first degree (Penal Law § 120.25). Following a determination on the defendant’s omnibus motions, the matter was transferred to this court for the commencement of hearings on January 11, 2007. Thereafter, a combined Mapp/Huntley hearing was conducted on January 17, 2007, continued on January 18, 2007, and concluded on January 19, 2007. At the conclusion of the hearing, the court reserved decision and the matter was adjourned to January 22, 2007.
On the morning of the adjourn date, the court was prepared to render its decision with respect to defendant’s motions to suppress tangible evidence and statements. However, then-counsel for defendant requested the opportunity to conference the matter prior to the rendition of a decision. During the conference, then-counsel indicated that she had spoken with the *277 defendant and that he was desirous of entering a plea to the entire indictment. The court clearly indicated that no promise as to a possible sentence would be made and that the court would consider the information contained in the presentence report in making such a determination. Since then-counsel had indicated defendant would be pleading to the entire indictment, the court raised the issue regarding the alternative mens rea alleged in counts 1, 2, 3, 4, and 10 of the indictment.[2] It was at this point that the assistant district attorney assigned to the case indicated that, in the event defendant did wish to plead to the entire indictment, the People would withdraw those counts in which the theory alleged was that defendant had acted recklessly in aiming a loaded firearm toward a crowd of people (counts 3, 4 and 10).
At a point in time when the court was fully prepared to render a decision with respect to the hearings and a panel of prospective jurors was waiting in the juror’s lounge, the court granted defense counsel an opportunity to speak with the defendant. In fact, the court provided numerous opportunities for defense counsel to speak with the defendant and his family during the morning session in order to discuss the substance of the conference and the court’s representation that no promise was being made with respect to sentencing. At approximately 2:30 p.m., then-counsel advised the court that she had spoken with her client and that, after discussing the substance of the conference, he had advised her that he wished to withdraw his previously entered plea of not guilty and to enter a plea of guilty to counts 1, 2, 5 and 7.
Prior to accepting the defendant’s plea of guilty, the court inquired as to whether the defendant understood that the court was not making any promise with respect to what the sentence would be, and further that in making a determination with respect to sentencing the court would consider the presentence report and any statements made by the parties or the victims. Based upon defendant’s response to the court’s inquiry, his responses to the inquiry made by the assistant district attorney, the representations of his attorney and the fact that his mother had been present for the entire proceeding and had been given *278 the opportunity to speak with the defendant, the court accepted the defendant’s plea of guilty and the matter was adjourned to March 8, 2007 for sentencing.

*280
(n. cont’d)

*278 On March 8, 2007 the matter was adjourned to March 15, 2007. On the adjourn date, the People served and filed a violent predicate felony conviction statement in which it was alleged that on December 8, 2004 defendant was convicted of the violent felony offense of attempted assault upon a police officer.[3] Although the statement was not filed until the adjourn date, then-counsel made no objection as to its timeliness, nor did she request an adjournment as provided for in CPL 400.15 (6). In fact, then-counsel assured the court that she had discussed the statement with the defendant and that no objection thereto would be raised. The court then advised the defendant that he had the right to deny the allegation contained therein that he was the person who was previously convicted of the felony of attempted assault upon a police officer, or that he could controvert the statement on the ground that the previous conviction was unconstitutionally obtained. Defendant indicated that he understood and that he did not wish to controvert any of the allegations contained the statement. Defendant then admitted that he was the person named in the statement who was convicted of the class D violent felony offense of attempted assault upon a police officer.
After considering all of the information which had been provided to the court, the defendant was sentenced as a predicate violent felony offender to a determinate term of 20 years and five years’ postrelease supervision with respect to the two counts of assault in the first degree, a determinate term of 10 years with five years’ postrelease supervision with respect to the count of criminal possession of a weapon in the second degree, and a determinate term of six years and five years’ postrelease supervision with respect to the count of criminal possession of a weapon in the third degree. All sentences were ordered to run concurrently.
In defendant’s notice of motion dated May 31, 2007 he seeks to set aside the sentences imposed on the ground, inter alia, that the predicate violent felony convictions were based on a jurisdictionally defective superior court information and, therefore, there was no basis for the court’s determination that he was a second violent felony offender in this matter.
*279 In support of this claim, defendant has submitted documentation to the court which establishes the following facts. On February 23, 2004, a felony complaint charging defendant with attempted aggravated assault on a police officer (Penal Law §§ 110.00, 120.11) was filed in the White Plains City Court. The accusatory instrument alleged that defendant attempted to cause serious physical injury to Police Officers Demchuk and Riley by throwing weights off of the roof of 33 Fisher Avenue in the City of White Plains, which weights landed approximately two feet from their police vehicle. According to the “Divesture to Superior Court” form contained in the file maintained by the Westchester County Clerk’s Office, the defendant was arraigned in the White Plains City Court on February 24, 2004.
On December 8, 2004, defendant appeared with counsel in the Westchester County Court before a different judge. That judge, sitting as a judge of the White Plains City Court, asked the defendant if he waived any further proceedings on the felony complaint. In response, defendant, through his attorney, stated that he did. Defendant then executed a waiver of indictment and consented to prosecution by a superior court information.[4] The waiver of indictment was accepted by that court. Defendant then entered a plea of guilty to the two counts of attempted assault on a police officer (Penal Law §§ 110.00, 120.08) as contained in superior court information No. 04-0670-01. In accordance with a negotiated plea agreement, on February 23, 2005, defendant was sentenced to two definite terms of one year in the Westchester County Penitentiary, which sentences were ordered to run consecutively.[5]
Legal Analysis
Pursuant to Criminal Procedure Law § 440.20 (1), after judgment has been entered a defendant may move to set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law. Among the legal defects which may be considered upon such a motion is an allegation that the defendant was erroneously sentenced as a second felony offender (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.20). In the pres *280 ent case, defendant claims that he was improperly sentenced as a second violent felony offender on the ground that the 2004 convictions are jurisdictionally defective.
The New York State Constitution provides that no person shall be held to answer for an infamous crime unless upon indictment of the grand jury (NY Const, art I, § 6). This right to indictment has been “recognized as not merely a personal privilege of the defendant but a ‘public fundamental right,’ which is the basis of jurisdiction to try and punish an individual” (People v Boston, 75 NY2d 585, 587 [1990], quoting Matter of Simonson v Cahn, 27 NY2d 1 [1970]). A defendant may, however, waive indictment and consent to be prosecuted by a superior court information when: (1) a local criminal court has held the defendant for the action of the grand jury; (2) the defendant is not charged with a class A felony; and (3) the district attorney consents to the waiver (CPL 195.10). With respect to the first enumerated statutory requirement, “[a] defendant is held for action of a grand jury on the lesser included offenses as well as a greater offense charged in the felony complaint” (People v Kohl, 19 AD3d 1155, 1156 [2005] [internal quotation marks omitted], quoting People v Menchetti, 76 NY2d 473, 477 [1990]; People v Quarcini, 4 AD3d 864 [2004]; People v Goforth, 36 AD3d 1202, 1203 [2007], Iv denied 8 NY3d 946 [2007]; People v Colon, 39 AD3d 661 [2007]; People v Edwards, 39 AD3d 875 [2007]).
In the present case, defendant was charged by felony complaint with attempted aggravated assault upon a police officer (Penal Law §§ 110.00, 120.11). Since the crime of attempted aggravated assault upon a police officer as charged in the felony complaint is not a legal impossibility (see People v Collins, 238 AD2d 435 [1997], Iv denied 90 NY2d 903 [1997]; People v Almeda, 10 AD3d 367 [2004], Iv denied 3 NY3d 703 [2004]), the felony complaint was valid (compare People v Roe, 191 AD2d 844 [1993]). However, the superior court information to which defendant pleaded guilty contained two counts of attempted assault on a police officer (Penal Law §§ 110.00, 120.08). These two counts are clearly not the single “offense for which the defendant [had been] held for action of a grand jury” (see CPL 195.20).[6] Accordingly, the question becomes whether or not the crimes charged in the superior court information are a lesser *281 included offense of the crime charged in the felony complaint (see People v Edwards, 39 AD3d 875 [2007]).
A crime is a lesser included offense when it is theoretically impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct (People v Glover, 57 NY2d 61, 64 [1982]; CPL 1.20 [37]). “The theoretical comparison then to be made is of the act or omission which each statute makes criminal” (People v Green, 56 NY2d 427, 431 [1982]).
Pursuant to Penal Law § 120.11, a person is guilty of aggravated assault on a police officer when “with intent to cause serious physical injury to a person whom he knows or reasonably should know to be a police officer . . . engaged in the course of performing his official duties, he causes such injury by means of a deadly weapon or dangerous instrument.” In contrast, a person is guilty of assault on a police officer “when, with intent to prevent a . . . police officer . . . from performing a lawful duty, he causes serious physical injury to such . . . police officer” (Penal Law § 120.08). The element of intent with respect to the crime of aggravated assault upon a police officer relates to the causing of physical injury, while the element of intent with respect to the crime of attempted assault of a police officer “relates not to the result proscribed by the statute — causing the injury — but to the circumstances which make that result one for which defendant is strictly liable” (People v Campbell, 72 NY2d 602, 605 [1988]). Since “the lesser crime requires demonstration of an element or fact not required by the greater, the impossibility test has not been met” (Green, 56 NY2d at 431, citing People v Graham, 44 NY2d 768 [1978]).
Even assuming, for the sake of argument, that assault on a police officer constitutes a theoretically lesser included offense of the crime charged in the felony complaint, it is well settled that an attempt to commit the crime of assault on a police officer is a nonexistent crime since “one cannot have a specific intent to cause an unintended crime” (People v Campbell, 72 NY2d 602, 605 [1988]). As the People correctly argue, it is permissible for a defendant to “plead guilty to a nonexistent crime in satisfaction of an indictment charging a crime for which *282 a greater penalty may be imposed” (People v Daniels, 237 AD2d 298, 298 [1997], Iv denied 90 NY2d 857 [1997] [emphasis added]). However, this principle does not apply to a plea to a superior court information since “[a] waiver of indictment and a departure from the constitutional safeguard and procedural sine qua non is available . . . only within the express authorization of the governing constitutional and statutory exception” (People v Trueluck, 88 NY2d 546, 549 [1996]). There is no express authorization for a superior court information to charge a nonexistent crime. Accordingly, the superior court information is defective in that it failed to charge “any offense for which the defendant was held for the action of a grand jury” (Roe, 191 AD2d at 845, quoting CPL 195.20; Goforth, 36 AD3d at 1203; Colon, 39 AD3d at 662).
Since defendant’s 2004 conviction is jurisdictionally defective, there is no basis for a determination that he is a second violent felony offender and, therefore he was improperly sentenced as a second violent felony offender (see People v Johnson, 187 AD2d 990 [1992]).[7]
Accordingly, it is hereby ordered that defendant’s motion pursuant to CPL 440.20 to set aside the sentence imposed by this court on March 15, 2007 is hereby granted;[8] and it is further ordered that defendant be produced before this court on February 7, 2008 for the purpose of resentencing (see CPL 440.20 [4]).

. Defendant further moved pursuant to County Law § 722 (4) for the assignment of new counsel based upon a prospective claim of ineffective assistance of counsel with respect to his appeal of the convictions. This motion was previously granted and Michael F. Keesee, Esq. was assigned to represent defendant in this matter.

. Contrary to the allegation in the defendant’s motion papers, the court never stated it “did not want the defendant to plead guilty to the two counts of assault.” The court merely identified a possible issue created by then-counsel’s representation that defendant was desirous of pleading to the entire indictment.

. A copy of the statement is attached to defendant’s motion as exhibit A.

. A copy of the transcript of the proceedings on December 8, 2004 is attached to defendant’s motion as exhibit C.

. A copy of the waiver of indictment, order, superior court information and the sentence and commitment are attached to the defendant’s motion as exhibit B.

. The record before this court belies defendant’s claim that he was never held for the action of the grand jury. A felony complaint was filed in the White Plains City Court on February 23, 2004. On February 24, 2004, defendant was *281 arraigned on that accusatory instrument. Thereafter, on December 8, 2004 he appeared in the Westchester County Court where he waived his right to a preliminary hearing in front of a superior court judge sitting as a judge of the White Plains City Court. Accordingly, defendant was held for grand jury action (People v D’Amico, 76 NY2d 877, 879 [1990]).

. Insofar as the People argue that defendant has waived any challenge to the validity of the predicate conviction, the court notes that “[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution” (Johnson at 990, citing People v McGuire, 5 NY2d 523, 527 [1959]; see also Edwards, 39 AD3d 875 [2007]).

. In view of the court’s decision, it is not necessary to address defendant’s remaining contentions.