THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM MORSON, Appellant. [889 NYS2d 644]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered February 7, 2008, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, superior court information No. 07-00689 is dismissed, and the matter is remitted to the County Court, Westchester County, for further proceedings on the felony complaint.

The defendant was charged, by felony complaint, with crimi-

nal possession of stolen property in the third degree, a class D felony (Penal Law § 165.50), arising out of the theft of an automobile. The superior court information to which he eventually pleaded guilty charged him with the crimes of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]) and unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]).

Since it is possible to knowingly possess stolen property with a value in excess of $3,000 without possessing a stolen motor vehicle with a value in excess of $100, criminal possession of stolen property in the fourth degree pursuant to Penal Law § 165.45 (5) is not a lesser-included offense of criminal possession of stolen property in the third degree under Penal Law § 165.50. Thus, it is clear that the superior court information upon which the defendant's plea was based did not "include at least one offense that was contained in the felony complaint" (*People v Zanghi*, 79 NY2d 815, 818 [1991]). It follows, therefore, as the People correctly concede, that the superior court information was jurisdictionally defective (*see People v Menchetti*, 76 NY2d 473, 477 [1990]; *People v Colon*, 39 AD3d 661 [2007]; *People v Edwards*, 39 AD3d 875 [2007]). Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.