■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB MILTON, Appellant. [938 NYS2d 635]—

The defendant was charged, by felony complaint, with, inter alia, grand larceny in the first degree under Penal Law § 155.42. The felony complaint alleged that the defendant knowingly and unlawfully stole property exceeding one million dollars in value by using personal identifying information he received from four named individuals, and, inter alia, securing mortgages on two properties in the name of one of the alleged victims without that individual's knowledge or permission. The defendant waived indictment by a grand jury and pleaded guilty under a superior court information to grand larceny in the first degree and scheme to defraud in the first degree, although the plea to the scheme to defraud count was subsequently vacated at the time of sentencing. The charge in the superior court information named two financial institutions "and others" as alleged victims of the crimes. As the defendant properly contends, the judgment of conviction must be reversed, the plea vacated, and the superior court information dismissed.

The grand larceny in the first degree count in the superior

court information was not an "offense for which the defendant [had been] held for action of a grand jury" (CPL 195.20), in that it was not an offense charged in the felony complaint or a lesser-included offense of an offense charged in the felony complaint (*see People v Menchetti*, 76 NY2d 473, 477 [1990]; *People v Quarcini*, 4 AD3d 864, 865 [2004]). The designation of the alleged victims in the superior court information differed from those named in the felony complaint (*see People v Edwards*, 39 AD3d 875, 876 [2007]). Thus, the superior court information to which the defendant pleaded guilty did not "include at least one offense that was contained in the felony complaint" (*People v Zanghi*, 79 NY2d 815, 817-818 [1991]), and, consequently, the superior court information was jurisdictionally defective (*id.*; *see People v Quarcini*, 4 AD3d at 865; *cf. People v Menchetti*, 76 NY2d at 475). This defect survives the defendant's failure to raise this claim in the Supreme Court, his plea of guilty, and his waiver of the right to appeal (*see People v Zanghi*, 79 NY2d at 818; *People v Menchetti*, 76 NY2d at 475; *People v Edwards*, 39 AD3d at 876; *People v June*, 30 AD3d 1016, 1017 [2006]; *People v Libby*, 246 AD2d 669, 670 [1998]).

In light of our determination, we need not address the defendant's remaining contentions. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.