People v Bennett (2018 NY Slip Op 06663)





People v Bennett


2018 NY Slip Op 06663


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1028 KA 16-01718

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY W. BENNETT, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (James M. Metcalf, A.J.), rendered July 17, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted kidnapping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, the superior court information is dismissed, and the matter is remitted to Oswego County Court for proceedings pursuant to CPL 470.45.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of aggravated family offense (§ 240.75 [1]). Defendant contends, and the People concede, that the superior court information in appeal No. 1 was jurisdictionally defective. We agree. A defendant may waive indictment and consent to be prosecuted by a superior court information (see CPL 195.20; People v D'Amico, 76 NY2d 877, 879 [1990]). As relevant here, "[t]he offenses named [in a superior court information] may include any offense for which the defendant was held for action of a grand jury" (CPL 195.20), i.e., "the same crime as [charged in] the felony complaint or a lesser included offense of that crime" (People v Pierce, 14 NY3d 564, 571 [2010]; see People v Zanghi, 79 NY2d 815, 817 [1991]). Inasmuch as attempted kidnapping in the second degree is not a crime charged in the felony complaint or a lesser included offense, the superior court information is jurisdictionally defective. "That defect does not require preservation, and it survives defendant's waiver of the right to appeal and his guilty plea" (People v Tun Aung, 117 AD3d 1492, 1493 [4th Dept 2014]). Thus, the judgment in appeal No. 1 must be reversed, the plea vacated, and the superior court information dismissed (see id. at 1492-1493; People v Goforth, 36 AD3d 1202, 1203 [4th Dept 2007], lv denied 8 NY3d 946 [2007]). In light of our determination, we do not review defendant's remaining contentions raised in appeal No. 1 (see Goforth, 36 AD3d at 1204).
With respect to appeal No. 2, defendant contends that reversal is required because County Court violated Judiciary Law § 295 when it had the proceedings electronically recorded without having a stenographer present. Even assuming, arguendo, that defendant's contention survives his guilty plea, we conclude that it is not preserved for our review (see People v Rogers, 159 AD3d 1558, 1559 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]). In any event, reversal is not required because defendant failed to demonstrate that he was prejudiced by the use of the recording that was later transcribed (see id.; see generally People v Harrison, 85 NY2d 794, 796 [1995]). Although there were some instances where recorded responses or remarks were "inaudible," we conclude that a reconstruction hearing is not required in this case for effective appellate review of defendant's contentions (cf. People v Henderson, 140 AD3d 1761, 1761 [4th Dept 2016]).
Defendant's challenge to the factual sufficiency of the plea allocution is not preserved for our review because he failed to move to withdraw the plea or to vacate the judgment of conviction (see People v Pryce, 148 AD3d 1625, 1625-1626 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; People v Saddler, 144 AD3d 1520, 1520-1521 [4th Dept 2016], lv denied 28 NY3d 1188 [2017]). This case does not fall within the rare exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]). In any event, defendant's contention is without merit inasmuch as his " yes' and no' answers during the plea colloqu[y] [did] not invalidate his guilty plea[]" (People v Russell, 133 AD3d 1199, 1199 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]). To the extent that defendant's contention that he was denied effective assistance of counsel survives his plea (see generally People v Abdulla, 98 AD3d 1253, 1254 [4th Dept 2012], lv denied 20 NY3d 985 [2012]), we conclude that it is without merit (see People v Watkins, 77 AD3d 1403, 1404-1405 [4th Dept 2010], lv denied 15 NY3d 956 [2010]).
Defendant failed to preserve for our review his contention that the court violated CPL 380.50 (1) by not asking him or his counsel if they wanted to make statements at sentencing (see People v Green, 54 NY2d 878, 880 [1981]; People v Sharp, 56 AD3d 1230, 1231 [4th Dept 2008], lv denied 11 NY3d 900 [2008]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court